FERDON v. FERDON et al.

(Supreme Court, Appellate Division, Second Department.    January 14, 1896.)

ATTORNEY AND CLIENT—SUMMARY PROCEEDING AGAINST ATTORNEY.
On a motion to compel an attorney to pay over to his clients moneys received by him in excess of what he is entitled to for his services, where it appears what services the attorney had performed, the court has only to fix a reasonable amount for his compensation.

Appeal from special term

Action by William H. Ferdon against Martha Ferdon and others for partition.    Certain defendants moved that John C. Harrigan be required to pay over moneys received by him as their attorney, and from an order granting the motion said Harrigan appeals.    Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

John H. Ferguson, for plaintiff.
John F. Brennan, for defendants.

PRATT, J.    This is an appeal from an order made at special term requiring an attorney, John C. Harrigan, to pay over moneys received by him as attorney for certain defendants in this action, in excess of what he was justly entitled to for his services.    It appeared upon the hearing of the motion exactly what services had been performed in a suit in partition in which Harrigan had appeared for said defendants, and what amount he had retained for services.    It has been the custom for years, in motions of this kind, where an issue is raised which it is difficult for the court to determine, for either the court to try the issues of fact, or send the matter to a referee to take proof of the kind, quality, and extent of the services for which the attorney claims compensation and their value. In these issues, like all others, the evidence must be considered, and its relevancy, materiality, and credibility passed upon.    I know of no rule that requires a judge to give equal credit to all that every witness says, as that might render impossible any decision. In this matter, however, there is but very little dispute upon any question of material issue between the parties.    In fact, it appears beyond dispute what were the services of the appellant, and all there was for the court at special term to do was to fix a reasonable amount for his compensation.    It is not necessary to allude to any pretended formal counterclaims of his partner, as that has no relevancy in this matter.    The judge at special term, we think, correctly decided the facts, and has allowed a reasonable amount for services. It follows that the order must be affirmed, with costs and disbursements.    All concur.